SEYFARTH SHAW LLP
Mark P. Grajski (State Bar No. 178050)
E-mail: mgrajski@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendants
HOMEGOODS, INC., and DENISE AI-BLAUFUS
(erroneously sued as DENISE AL-BLAUFUS)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL JOHNSTON, <br><br> Plaintiff, <br><br> v. <br><br> HOMEGOODS, INC., a Delaware corporation; DENISE AL-BLAUFUS, an individual, and DOES 1 though 50, inclusive, <br><br> Defendants. | Case No. 2:11-cv-02596-JAM-EFB <br><br> **ORDER ON PLAINTIFF'S MOTION TO REMAND AND INDIVIDUALLY-NAMED DEFENDANT'S MOTION TO DISMISS** <br><br> Date: November 16, 2011 <br> Time: 9:30 a.m. <br> Dept./Place: Courtroom 6 <br><br> Before The Honorable John A. Mendez |

This matter comes before the Court on (1) Plaintiff Terrell Johnston's ("Plaintiff") Motion to Remand this case to the Superior Court of California, County of Sacramento pursuant to 28 U.S.C. § 1447; and (2) Defendant Denise Ai-Blaufus' ("Ai-Blaufus") Motion to Dismiss pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6). Defendants HomeGoods, Inc. ("HomeGoods"), and Ai-Blaufus oppose Plaintiff's Motion to Remand, and Plaintiff opposes Ai-Blaufus' Motion to Dismiss. After full consideration of the written and oral submissions by the parties, and for the reasons set forth below, Plaintiff's Motion to Remand is DENIED and Defendant Ai-Blaufus' Motion to Dismiss is GRANTED, with prejudice.

PDF created with pdfFactory trial version www.pdffactory.com

## AI-BLAUFUS' MOTION TO DISMISS

Plaintiff's Complaint alleges five causes of action against all parties, including: (1) violations under California Government Code sections 12940(k) (failure to take all reasonable steps necessary to prevent discrimination and harassment); (2) 12900 et seq. (discrimination); (3) 12900 et seq. (harassment); (4) 12940(h) (retaliation); and (5) a claim of negligent supervision. Ai-Blaufus moved to dismiss the Complaint against her on the ground that the Complaint failed to state a claim upon which relief can be granted because Ai-Blaufus cannot be held personally liable for the asserted violations as a matter of law. Though Plaintiff alleged all five causes of action against Ai-Blaufus in the Complaint, Plaintiff conceded claims 1, 2, and 5 as to Ai-Blaufus in subsequent pleadings and at oral argument. Thus, the Court is left to determine whether Plaintiff has stated a claim upon which relief can be granted as to, either harassment or retaliation.

Section 12940(h) makes it unlawful for an employer or any other person to discriminate against a person because the person has opposed unlawful practices or participated in any proceeding under the FEHA. The California Supreme Court has held that non-employer individuals are not personally liable for retaliation under Section 12940(h) as a matter of law. *Jones v. The Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1173-74 (2008) ("[T]he same rule applies to actions for retaliation that applies to actions for discrimination: The employer, but not nonemployer individuals, may be held liable."). Therefore, Plaintiff's cause of action against Ai-Blaufus for retaliation fails as a matter of law.

In *Reno v. Baird*, 18 Cal. 4th 640 (1998), the California Supreme Court stated that harassment "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." 18 Cal. 4th at 647. In *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), the California Supreme Court stated that "harassment focuses on situations in which the *social environment* of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." 47 Cal. 4th at 706. Plaintiff's Complaint lists three incidents that he asserts to be harassment: a counseling on October 28, 2010; a November 11, 2010 written warning for job

[PROPOSED] ORDER RE MOTION TO REMAND

13957196v.1

PDF created with pdfFactory trial version www.pdffactory.com

procedures; and a final warning on December 13, 2010 for poor performance. (Complaint ¶ 13.) All of these alleged incidents describe actions that fall within the scope of Ai-Blaufus' job duties. Therefore, pursuant to *Reno* and *Roby*, Plaintiff does not allege any harassing activity as a matter of law.

Accordingly, because Plaintiff concedes causes of action 1, 2, and 5 against Ai-Blaufus, and fails to state a claim upon which relief can be granted as to causes of action 3 and 4, Ai-Blaufus' Motion to Dismiss is GRANTED, with prejudice.

## PLAINTIFF'S MOTION TO REMAND

For removal to be proper, the district court must have original jurisdiction. Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States ..." 28 U.S.C. § 1332. Upon dismissal of Ai-Blaufus, only Plaintiff and Defendant HomeGoods remain. Plaintiff is "an individual residing in the County of Sacramento, State of California . . . ." (Complaint ¶ 1.) Pursuant to the United States Supreme Court's "nerve center" test, HomeGoods' principal place of business is in Framingham, Massachusetts. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Accordingly, because there is complete diversity amongst the remaining parties, the Court has diversity jurisdiction over this case, and therefore, Plaintiff's Motion to Remand is DENIED.

**APPROVED AS TO FORM:**

Dated:_____          By:_____
                                                                  Attorney for Plaintiff Terrell Johnston

13957196v.1

PDF created with pdfFactory trial version www.pdffactory.com

1 **IT IS SO ORDERED**.

4 Dated: 11/28/2011  /s/ John A. Mendez
  Hon. John A. Mendez
5 **UNITED STATES DISTRICT JUDGE**

4
[PROPOSED] ORDER RE MOTION TO REMAND
13957196v.1
PDF created with pdfFactory trial version www.pdffactory.com